IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,739-02






EX PARTE MARVIN WAYNE SNEED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20718-B IN THE 336TH JUDICIAL DISTRICT COURT


FROM FANNIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child, and one count of indecency with a child. He was sentenced to
life imprisonment for each of the aggravated sexual assault counts, and twenty years' imprisonment
for the indecency count. The Sixth Court of Appeals affirmed his conviction. Sneed v. State, No.
06-06-00001-CR (Tex. App. - Texarkana, November 21, 2006, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object to, and in fact opened the door for the introduction of numerous instances
of extraneous offenses and bad acts during the guilt/ innocence stage of trial. Applicant alleges that
counsel failed to file a motion in limine, or request a limiting instruction for extraneous offense
evidence in the jury charge. Applicant also alleges that after the State introduced evidence that
Applicant had previously assaulted the complainant with a knife, counsel failed to introduce
evidence showing that Applicant had been tried and acquitted by a jury of that assault. Finally,
Applicant alleges that counsel failed to impeach the testimony of the complainant's mother regarding
a previous assault on the mother. According to Applicant, he informed counsel of the existence of
medical records containing inconsistent statements to medical personnel by the mother about the
cause of her injuries, but counsel failed to obtain or introduce such medical records to impeach the
credibility of the mother, who was one of the State's primary witnesses.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial transcript. The
trial court shall then make findings of fact as to whether the State introduced extraneous offense/ bad
act evidence during the guilt/ innocence stage of trial, and if so whether defense counsel objected
to or sought to exclude such evidence. The trial court shall make findings as to whether there was
a motion in limine filed or argued by defense counsel. The trial court shall make findings as to
whether counsel requested an instruction limiting the purposes for which the jury could consider
evidence of extraneous offenses/ bad acts, and if not, why not. The trial court shall also make
findings as to whether Applicant had been tried and acquitted for assaulting the complainant with
a knife, and if so, whether evidence of such alleged assault was introduced against Applicant. If
evidence of the incident was introduced, the trial court shall make findings as to whether defense
counsel sought to introduce evidence of the acquittal to rebut the evidence introduced by the State,
and if not, why not. The trial court shall also make findings as to whether the complainant's mother
testified that Applicant had ruptured her eardrum by assaulting her, and if so, whether Applicant's
trial counsel investigated or introduced evidence indicating that the complainant's mother told
medical personnel that she had caused the injury herself. The trial court shall make findings as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 28, 2009

Do not publish